### Matthews *v.* McGrath.

(*City Court of New York, General Term.* November 23, 1888.)

Sale—Action for Price—When Maintainable—Agreement to Pay Cash or Give Note.

Where the purchaser of goods is given the option to pay in 30 days, or give his four months' note, and he fails to make such payment or give the note, action may be brought for the price at the expiration of the 30 days.

Appeal from trial term; PITSHKE, Judge.

This action, brought by George T. Matthews against Thomas McGrath, was commenced on June 2, 1887. The complaint alleges, in substance, that on April 21, 1887, plaintiff sold and delivered, and that defendant purchased, certain goods, viz., teas, of the value of $191.33, which defendant promised to pay; that by the terms of sale defendant promised and was bound to pay and settle therefor in 30 days, viz., before May 21, 1887; and that defendant has not paid for same. Defendant in his answer alleges, upon information and belief, that said goods were sold upon a credit of more than 30 days, which credit had not expired when this action was commenced, (June 2, 1887,) denies that said goods were of the value alleged, and, for a second, separate, and distinct defense, sets up a counter-claim for breach of contract, and alleges that said goods were of an inferior quality, and not as warranted, and that he offered to return the same. The goods were sold by John J. Kneeland, a salesman of the plaintiff, who testified, that he sold the goods in question about April 21, 1887; that the amount was $191.33; and that he knew that they were delivered; and further testified as follows: "I remember the conversation I had with Mr. McGrath on the day that I sold them. There was conversation as to terms. When he had called off the packages of each of the lots that he bought, I put them down; and then I was putting on the terms, ninety days, and he objected to that, and he said that he could buy, buyers' option, three per cent., on thirty days, or four months; and I said ' Let it be that way;' adding, if he didn't take advantage of the discount, that we would want a note when the thirty days was out. In other words, the agreement we made with Mr. McGrath was that he could have those goods on thirty days, three off, and buyers' option, or a four-months note if he didn't take advantage of the discount; if he didn't take advantage of the discount, there was to be a four-months note." "I simply told Mr. McGrath that if he did not take advantage of the discount,—three off, thirty days,—that we wanted his note at four months; and he never gave it." It was conceded by defendant's counsel "that the only defense relied on is the non-expiration of the credit given on the sale." The plaintiff testified that he called upon the defendant more than 30 days after the sale, and that he went there for the purpose of getting the note; that he did not give it, and has never got it. It also appears that, at the time of the sale, defendant was not asked about his standing. The court dismissed the complaint, and plaintiff appeals.

Argued before BROWNE, EHRLICH, and McGOWN, JJ.

*B. C. Chetwood,* for appellant. *James T. Byrne,* for respondent.

McGOWN, J., *(after stating the facts.)* It being conceded that the only defense relied on was as to the non-expiration of the credit given on the sale, the only question to be considered is whether this action was prematurely brought; if so, the action of the trial justice in dismissing the complaint was proper. By the terms of sale, as testified to, and which testimony is uncontradicted, it is optional with the defendant to have the goods on 30 days, three off; but that if he did not pay cash for the goods in 30 days, with the discount off, he was to give a four-months' note in settlement. Not having given the note, and plaintiff having waited until after the expiration of the 30 days, the bill, at the option of the plaintiff, became due, and the plaintiff had then a good cause of action. Defendant promised to give a four-months note. Not having done so, and not having complied with his agreement, plaintiff had a right to assume that the credit was not required. I think that the trial justice erred in dismissing the complaint; that defendant should have been put upon his defense; and that the whole matter should have been submitted to the jury, under a proper charge of the justice as to the legal effect and proper construction and meaning of the agreement of sale of the goods in question. Without considering the question of fraud, or other questions

raised upon the trial, I think the judgment appealed from should be reversed, and a new trial ordered, with costs to abide the event.

BROWNE and EHRLICH, JJ., concur.